IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ROBERT WILLIAM AVERY     PLAINTIFF

v.     Civil No. 04-5205

SHERIFF KEITH FERGUSON;
CAPTAIN HUNTER PETRAY;
SGT. JOHNSON; LT. GENE
HENDRICKS; SGT. CLIFFORD;
SGT. DAUGHERTY; DEPUTY HUBBS;
DEPUTY EFRAM; DEPUTY RAHN;
DEPUTY TOMLIN; and DEPUTY ADAMS     DEFENDANTS

## ORDER

On June 2, 2006, the plaintiff filed a motion seeking a court order of protection against the defendants. (Doc. 66). In the motion, plaintiff states he fears retaliation by the defendants. He asks that the court enter an order ensuring that he remains safe from physical and mental harm from the defendants or their colleagues employed by the Benton County Sheriff's Office.

The motion is denied. The plaintiff is not currently incarcerated at the Benton County Detention Center. He has made no showing that any of the defendants currently have any authority over him, are in close proximity to him, or have in anyway threatened him.

On June 2, 2006, the plaintiff also filed a motion asking for the court to direct that he be housed in the Siloam Springs City Jail instead of the Benton County Detention Center. (Doc. 67). Plaintiff states there is a possibility he will be held at the Benton County Detention Center following his release from the Omega Technical Violator's Center on June 19, 2006.

The motion is denied. The plaintiff is not in federal custody. This court does not dictate to state and local authorities where individuals charged with crimes or serving sentences should be housed.

Plaintiff has also filed a motion seeking the appointment of counsel. (Doc. 68). In his motion, he states his knowledge of the law if very limited as is his access to legal material. He asserts that he is without the necessary skill to present this action.

In *Mallard v. United States District Court*, 490 U.S. 296, 109 S. Ct. 1814, 104 L. Ed. 2d 318 (1989), the Supreme Court held that 28 U.S.C. § 1915 does not authorize a federal court to require an unwilling attorney to represent an indigent litigant in a civil case. Section 1915(e)(1) provides: "the court may request an attorney to represent any person unable to afford counsel."

"Indigent civil litigants do not have a constitutional or statutory right to appointed counsel." *Edgington v. Missouri Dept. of Corrections*, 52 F.3d 777, 780 (8th Cir. 1995)(citation omitted). "Once indigent pro se litigants meet their burden of showing that their complaints are not frivolous . . . counsel should be [requested] if the district court determines it is necessary." *Id.*

The standard used in determining the necessity of requesting counsel to represent the litigant is whether both the litigant and the court would benefit from the assistance of counsel. *Id.* "'Factors bearing on this determination include: the factual complexity of the issues; the ability of an indigent to investigate the facts; the existence of conflicting testimony; the ability of an indigent to present his claim; and the complexity of the legal issues.'" *Id.* (*quoting, Nachtigall v. Class*, 48 F.3d 1076, 1081 (8th Cir. 1995)). *See also Stevens v. Redwing*, 146 F.3d

538, 547 (8th Cir. 1998); *Bumgarner v. Malin*, 97 F.3d 1456 (8th Cir. 1996); *Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

Thus far, plaintiff has been able to adequately set forth his claims. Plaintiff has been able to file motions requesting various forms of relief and responded to the defendants' summary judgment motion. The documents filed by plaintiff have been understood by the court. From what is currently before the court, it appears the plaintiff will be able to adequately investigate and present his case. The motion for appointment of counsel is denied.

IT IS SO ORDERED this 9th day of June 2006.

/s/ Beverly Stites Jones
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)