IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


ROBERT WILLIAM AVERY                                          PLAINTIFF

                    v.                 Civil No. 04-5205

SHERIFF KEITH FERGUSON;
CAPTAIN HUNTER PETRAY;
SGT. JOHNSON; LT. GENE
HENDRICKS; SGT. CLIFFORD;
SGT. DAUGHERTY; DEPUTY HUBBS;
DEPUTY EFRAM; DEPUTY RAHN;
DEPUTY TOMLIN; and DEPUTY ADAMS                               DEFENDANTS


### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This civil rights action was filed on August 12, 2004. Plaintiff, Robert William Avery,

proceeds pro se and in forma pauperis.

The case is currently scheduled for an evidentiary hearing on October 24, 2006. This is

the third setting for the evidentiary hearing. (Doc. 52, Doc. 63 & Doc. 100). The court has

entered two show cause orders because the plaintiff has failed to keep the court advised of his

address. (Doc. 58 & Doc. 106).

The first show cause order was issued on April 4, 2006. (Doc. 58). The case had been

scheduled for an evidentiary hearing on April 27, 2006, by notice dated December 21, 2005

(Doc. 52). Avery's response to the court's scheduling order was due by March 29, 2006. The

court issued a writ of habeas corpus ad testificandum so that the Warden of the Arkansas

Department of Correction, Omega Technical Violators Center, 104 Walco Lane, Malvern,

-1-

AO72A
(Rev. 8/82)

Arkansas, would produce Avery for the hearing (Doc. 54). In response, the court was advised that Avery had been released from custody.

As of April 4, 2006, Avery failed to advise the court of his new address. Avery also failed to file his response to the court's scheduling order.

On April 14, 2006, Avery wrote and advised the court that due to his present incarceration at the Benton County Detention Center (BCDC) he had not received any mail from the court. (Doc. 59). Avery asked that the case be continued since his mail had not gotten to him in a timely manner.

The motion was granted by order entered on April 17, 2006. (Doc. 61). On April 24, 2006, mail sent to Avery at the BCDC was returned as undeliverable. That same day, the court was notified Avery was once again at the Omega Technical Violators Center. A change of address was entered (Doc. 62).

All mail that had been returned to the court was re-sent to Avery. Additionally, Avery asked for and was provided copies of a number of documents he maintained he never received and/or had lost. By notice dated May 15, 2006, the case was scheduled for evidentiary hearing on August 29, 2006, and a writ issued. (Doc. 63 & 65).

The court then learned that Avery had once again been released from the Omega Technical Violators Center and was incarcerated at the BCDC. A change of address was entered and a writ issued. (Doc. 70 & Doc. 90).

After the writ was issued to the Benton County Sheriff, the court learned Avery had been released and was now in the Madison County Jail. A change of address was entered on August 17, 2006. (Doc. 91).

AO72A
(Rev. 8/82)

On August 22, 2006, the court learned that the plaintiff was released from the Madison County Jail. While the plaintiff did not provide the court with a change of address, the court was able to enter a change of address on his behalf after learning that the plaintiff had provided jail officials with a home address. (Doc. 96). By notice dated August 23, 2006, this case was scheduled for an evidentiary hearing on Tuesday, October 24, 2006, beginning at 1:15 p.m. (Doc. 100).

All mail that had been sent to Avery at the BCDC or the Madison County Jail was re-sent to Avery at his home address. Subsequently, all mail that was sent to Avery at his home address was returned to the court with a notation that Avery's forwarding address was 104 Walco Lane, Malvern, Arkansas–the Omega Technical Violators Center. All mail sent to Avery at the Omega Technical Violators Center has been returned to the court marked refused. The court has telephonically verified that Avery is not incarcerated at that facility and has not been incarcerated at that facility since June.

Avery has not communicated with the court in anyway since August 2, 2006. All mail sent to Avery has been returned. Avery has been repeatedly warned by the court that he has an obligation to keep the court and opposing counsel informed of his current address.

On September 14, 2006, a show cause order was entered directing Avery to show cause why this action should not be dismissed based on his failure to prosecute. (Doc. 106). Avery has not responded to the show cause order. By separate order the court is canceling the evidentiary hearing currently scheduled for October 24, 2006.

I therefore recommend that this case be dismissed based on plaintiff's failure to prosecute and his failure to obey an order of the court. Fed. R. Civ. P. 41(b).

-3-

**The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 5th day of October 2006.

/s/ Beverly Stites Jones
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)