IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ROBERT WILLIAM AVERY                                          PLAINTIFF

                v.                  Civil No. 04-5205

SHERIFF KEITH FERGUSON;
CAPTAIN HUNTER PETRAY;
SGT. JOHNSON; LT. GENE
HENDRICKS; SGT. CLIFFORD;
SGT. DAUGHERTY; DEPUTY HUBBS;
DEPUTY EFRAM; DEPUTY RAHN;
DEPUTY TOMLIN; and DEPUTY ADAMS              DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the undersigned for report and recommendation is the plaintiff's motion for leave to appeal in forma pauperis (IFP) (Doc. 114). This civil rights action was filed on August 12, 2004.

## BACKGROUND

The case was scheduled for an evidentiary hearing on three separate occasions with the third setting being October 24, 2006 (Doc. 52, Doc. 63 & Doc. 100). The court entered two show cause orders because the plaintiff failed to keep the court advised of his address. (Doc. 58 & Doc. 106).

The first show cause order was issued on April 4, 2006. (Doc. 58). The case had been scheduled for an evidentiary hearing on April 27, 2006, by notice dated December 21, 2005 (Doc. 52). Avery's response to the court's scheduling order was due by March 29, 2006. The court issued a writ of habeas corpus ad testificandum so that the Warden of the Arkansas

-1-

Department of Correction, Omega Technical Violators Center, 104 Walco Lane, Malvern, Arkansas, would produce Avery for the hearing (Doc. 54). In response, the court was advised that Avery had been released from custody.

As of April 4, 2006, Avery failed to advise the court of his new address. Avery also failed to file his response to the court's scheduling order.

On April 14, 2006, Avery wrote and advised the court that due to his present incarceration at the Benton County Detention Center (BCDC) he had not received any mail from the court. (Doc. 59). Avery asked that the case be continued since his mail had not gotten to him in a timely manner.

The motion was granted by order entered on April 17, 2006. (Doc. 61). On April 24, 2006, mail sent to Avery at the BCDC was returned as undeliverable. That same day, the court was notified Avery was once again at the Omega Technical Violators Center. A change of address was entered (Doc. 62).

All mail that had been returned to the court was re-sent to Avery. Additionally, Avery asked for and was provided copies of a number of documents he maintained he never received and/or had lost. By notice dated May 15, 2006, the case was scheduled for evidentiary hearing on August 29, 2006, and a writ issued. (Doc. 63 & 65).

The court then learned that Avery had once again been released from the Omega Technical Violators Center and was incarcerated at the BCDC. A change of address was entered and a writ issued. (Doc. 70 & Doc. 90).

...

After the writ was issued to the Benton County Sheriff, the court learned Avery had been released and was in the Madison County Jail. A change of address was entered on August 17, 2006. (Doc. 91).

On August 22, 2006, the court learned that the plaintiff was released from the Madison County Jail. While the plaintiff did not provide the court with a change of address, the court was able to enter a change of address on his behalf after learning that the plaintiff had provided jail officials with a home address. (Doc. 96). By notice dated August 23, 2006, this case was scheduled for an evidentiary hearing on Tuesday, October 24, 2006, beginning at 1:15 p.m. (Doc. 100).

All mail that had been sent to Avery at the BCDC or the Madison County Jail was re-sent to Avery at his home address. Subsequently, all mail that was sent to Avery at his home address was returned to the court with a notation that Avery's forwarding address was 104 Walco Lane, Malvern, Arkansas–the Omega Technical Violators Center. All mail sent to Avery at the Omega Technical Violators Center was returned to the court marked refused. The court telephonically verified that Avery was not incarcerated at that facility and had not been incarcerated at that facility since June of 2006.

On September 14, 2006, a show cause order was entered directing Avery to show cause why the case should not be dismissed based on his failure to prosecute. (Doc. 106). Avery did not respond to the show cause order. By separate order the court canceled the evidentiary hearing scheduled for October 24, 2006 (Doc. 108).

A report and recommendation was entered on October 5, 2006 (Doc. 107), recommending dismissal of the complaint pursuant to Rule 41(b) of the Federal Rules of Civil

Procedure based on Avery's failure to prosecute the case and his failure to obey the orders of the court. The report and recommendation was adopted by United States District Judge Jimm Larry Hendren on October 25, 2006 (Doc. 109).

On March 22, 2007, Avery filed a motion to reopen the case (Doc. 110). In his motion to reopen (Doc. 110), plaintiff indicated he was in fear of being physically harmed by the defendants. He asserted that he filed numerous motions and letters asking the court for an order of protection or to be housed at another facility other than Benton County for his safety.

Avery asserted he was arrested in June of 2006 by Sheriff Keith Ferguson (Doc. 110). Avery maintained he was told it would be in his bests interests if he dropped his civil rights complaint.

In order for justice to prevail, Avery asserted that the defendants should be held accountable for their deeds (Doc. 110). Furthermore, plaintiff stated that his cowardice was the sole reason he failed to appear at court (Doc. 110). Plaintiff asked that the case be re-opened.

The motion to reopen did not indicate that Avery had any difficulties in receiving his mail or that he was unaware of the scheduled evidentiary hearing or that he did not get the court's report and recommendation. The motion to reopen was denied by order entered on April 16, 2007 (Doc. 111).

On May 16, 2007, Avery filed a notice of appeal (Doc. 113). On May 17, 2007, Avery filed a motion for leave to appeal IFP (Doc. 114). He indicates he wishes to appeal the decision awarding judgment to the defendants on the grounds stated in an attached motion to reopen.

For the first time in the attached motion to reopen, Avery asserts that he had difficulty with his mail and states that after his release from incarceration in Malvern, Arkansas, although he was at his home address in Siloam Springs, the post office mistakenly forwarded his mail to Malvern. Avery asserts he did not receive the show cause order sent by the court on September 14, 2006. Avery indicates he called the post office again in November of 2006 about mistakenly forwarding his mail to Malvern. Avery also asserts that Sheriff Keith Ferguson once again on January 18, 2007, caused him physical injury.

Avery does not indicate when he first learned that his case had been dismissed. However, Avery clearly knew about the dismissal by March 2, 2007, when he inquired what he could do about the case having been dismissed. *See attached Exhibit* A (letter post-marked March 2, 2007, in which Avery states: "I would like to find out how I could have a civil complaint refiled, Avery vs. Fergusson. This complaint was dismissed because I failed to appear to the evidentiary hearing").

## DISCUSSION

Federal Rule of Appellate Procedure 4(a)(1)(A) generally requires a notice of appeal to be filed within thirty days after the judgment or order appealed from is entered. This time can be extended under certain circumstances. Specifically, Federal Rule of Appellate Procedure 4(a)(5)(A) allows the district court upon a finding of excusable neglect or good cause to extend the time to file a notice of appeal if the party moves no later than thirty days after the time otherwise prescribed expires. Avery's motion to reopen is not the type of motion that operates to alter or extend the time to file an appeal. *See* Fed. R. App. P. 4(a)(4)(A)(listing the motions under the Federal Rules of Civil Procedure that extend, or effect, the timing of the filing of a

notice of appeal). The court cannot grant him an extension of time to file his notice of appeal under Rule 4(a)(5).

Under Rule 4(a)(6) the court may reopen time to appeal for a period of fourteen days if the following three conditions are met: (1) the court finds the moving party did not receive notice under Rule 77(d) of the Federal Rules of Civil Procedure of entry of the judgment to be appealed within twenty-one days after entry; (2) the motion is filed within 180 days after the judgment is entered or within seven days after the moving party receives notice under Rule 77(d) of entry whichever is earlier; and (c) the court finds that no party would be prejudiced. *See American Boat Co. v. Unknown Sunken Barge*, 418 F.3d 910, 913 (8th Cir. 2005).

Avery clearly had notice of the dismissal of the case by no later than March 2, 2007. He did not file the motion to reopen until March 22, 2007. His motion to reopen was untimely under Rule 4(a)(6). The notice of appeal is therefore untimely.

## CONCLUSION

Pursuant to 28 U.S.C. § 1915(a)(3) "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." I therefore recommend that the motion for leave to appeal IFP be denied as the appeal is untimely and therefore not taken in good faith, 28 U.S.C. § 1915(a)(3). I further recommend that the clerk be directed to collect the $455 filing fee pursuant to the terms of the Prison Litigation Reform Act. Plaintiff may, of course, renew his motion for leave to appeal IFP with the Court of Appeals for the Eighth Circuit. Fed. R. App. P. 24(a).

**The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

AO72A
(Rev. 8/82)

**objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 23rd day of May 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)